# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **ALLEN L. REYNOLDS, JR.,** | CASE NO. 4:24 CV 682 |
| Plaintiff, | JUDGE DAVID A. RUIZ |
| v. | |
| **MARSHA JOY TETRICK,** | OPINION AND ORDER |
| Defendant. | |

## I. Background

Plaintiff Allen L. Reynolds filed this *pro se* action against former federal Pretrial Probation Officer Marsha Joy Tetrick. (R. 1). Because his original complaint on its face did not allege a discernible federal claim over which the Court may exercise federal subject-matter jurisdiction — but suggested only state-law tort claims for misrepresentation or defamation — the Court issued an order, on July 31, 2024, allowing Plaintiff to file an Amended Complaint stating his specific federal claims and their bases.

On August 7, 2024, Plaintiff filed a "Motion Amended Complaint Federal Tort Claim." (R. 11). In this pleading, which is Plaintiff's Amended Complaint, not a motion, Plaintiff lists four "allegations," which the Court construes as his alleged claims. Three of these claims, including "federal abuse of power," "First Amendment Retaliation/Fabricate Evidence," and "Malfeasance in Office," are purely conclusory and contain no specific supporting allegations or facts. *Id*. at 1. Plaintiff's fourth "allegation" simply states that while Defendant was a federal

pretrial probation officer, she "told his kids['] mother false allegations" about him, which caused his children's mother to leave him. *Id*.

On August 20, 2024, Defendant filed a motion to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b) for lack of federal subject-matter jurisdiction and for failure to state claim upon which he may be granted relief. (R. 12). Defendant contends federal subject-matter jurisdiction is lacking because the allegations in Plaintiff's amended complaint suggest only state-law tort claims arising from a misrepresentation Defendant allegedly made to Plaintiff's children's mother, but nothing in his amended complaint suggests a cognizable claim arising under federal law and there is no basis for an exercise of diversity jurisdiction over any state-law claim Plaintiff asserts.

Defendant also argues Plaintiff's amended complaint fails to meet basic pleading requirements necessary to state a claim in federal court and warrants dismissal for this reason as well. Plaintiff has not responded to Defendant's motion to dismiss.

## II. Discussion and Standard of Review

Upon review, the Court finds Defendant's Motion to Dismiss well-taken. Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss for lack of subject-matter jurisdiction. Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citation omitted). "It is to be presumed that a cause lies outside this limited jurisdiction ... and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citation omitted).

The Court finds that Plaintiff's amended complaint warrants dismissal for lack of subject-matter jurisdiction for the reasons stated in Defendant's unopposed Motion to Dismiss. Plaintiff

has not asserted a cognizable claim or cause of action arising under a federal law and the pleadings fail to demonstrate any valid basis for the exercise of federal subject-matter jurisdiction in this case.

Further, even if Plaintiff's amended complaint attempts to allege a claim or claims arising under federal law, the Court also agrees with Defendant that the amended complaint warrants dismissal for failure to state a plausible claim under Fed. R. Civ. P. 12(b)(6). To survive a dismissal for failure to state claim, a "complaint must present 'enough facts to state claim to relief that is plausible on its face.'" *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pleadings filed by *pro se* litigants are generally "liberally construed" and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even a *pro se* complaint must satisfy Rule 12(b)(6)'s requirements to avoid dismissal. *See Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011).

Plaintiff has failed to allege or identify any facts sufficient to suggest that he has a plausible claim that Defendant violated his federal rights in any way. His contention that Defendant "told his kids' mother false allegations" about him fails to meet the basic pleading requirements necessary to state a claim in federal court. Although pleadings are construed in a light most favorable to *pro se* plaintiffs, a court "need not accept as true legal conclusions or unwarranted factual inferences" in determining whether a complaint states a claim, and

"[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks and citations omitted).

Simply put, Plaintiff has failed to demonstrate, either in his pleadings or in response to Defendant's Motion to Dismiss, that he has alleged any plausible claim against Defendant over which the Court has jurisdiction and upon which he may be granted relief.

### III. Conclusion

Therefore, Defendant's Motion to Dismiss (R. 12) is GRANTED, for the reasons stated above and in Defendant's unopposed Motion, and this action is dismissed pursuant to Fed. R. Civ. P. 12(b). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: March 3, 2025

/s *David A. Ruiz*
DAVID A. RUIZ
U.S. DISTRICT JUDGE